■ In the Matter of the Claim of VITA LONGI, Respondent, v. DESCO COATING CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed November 13, 1970. A majority of the board found that decedent's work on his knees handling tiles required unusual exertion and caused his death. Substantial evidence supports the determination of the board. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Sweeney and Simons, JJ., concur.

■ DAVID LEVINSON, Respondent, v. AETNA CASUALTY AND SURETY Co., Appellant.— Appeal from an order of the Supreme Court, Ulster County, entered December 21, 1970 denying appellant's motion for summary judgment as a matter of law, and from an order of the same court, entered February 16, 1971, upon renewal of the motion, adhering to the previous denial of the motion but on the basis that there are present triable issues of fact. The second decision granting the renewal motion was clearly proper under CPLR 2221 (see 2 Carmody-Wait 2d, New York Practice, §§ 8:74–8:78) and superseded the original decision which denied the motion for summary judgment based on the reasoning that, as a matter of law, respondent's activities did not fall within the definition of a "business pursuit" as set forth in the policy. Accordingly, the propriety of the first order is academic and the appeal from that order should therefore be dismissed. Since both parties concede the propriety of the second order holding triable issues of fact to be present precluding summary judgment that order should be affirmed. Appeal from order entered December 21, 1970, dismissed, and order entered February 16, 1971 affirmed, with costs. Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Sweeney, JJ., concur.